UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

WAYNE I. CORBEIL, JR.,

        Plaintiff,

    v.                                                            Case No. 21-C-663

WISCONSIN DEPARTMENT OF
CORRECTIONS,

        Defendant.

---

## SCREENING ORDER

---

      Plaintiff Wayne I. Corbeil, Jr., who is currently serving a state prison sentence at Oshkosh Correctional Institution, filed a 24-page complaint regarding Wisconsin's statutory authorization for Lifetime Global Positioning System (GPS) Tracking of certain sex offenders. Wis. Stat. § 301.48. The complaint describes the GPS Tracking program in detail and sets out Corbeil's argument as to why requiring a person to comply with the statute violates his constitutional rights. In an accompanying letter, Corbeil states, "I hope you will go through my FORMAL COMPLAINT OF THE GLOBAL POSITIONING SYSTEM (GPS) tracking device for the rest of their life and forward this to anyone else that can help try to get these laws changed." Dkt. No. 1-1. The letter ends, "Please respond to me on this matter A.S.A.P." *Id.* This matter comes before the Court on Corbeil's motion for leave to proceed without prepayment of the filing fee and for screening of the complaint.

### MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

      Plaintiff has requested leave to proceed without prepayment of the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. § 1915(b)(1). Plaintiff has filed a certified copy

of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed and paid an initial partial filing fee of $4.93. Plaintiff's motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, Plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

## THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). Corbeil's complaint fails to state a claim. It does not even name a defendant, and the only relief he requests is that the Court go through his

2

Case 1:21-cv-00663-WCG    Filed 07/19/21    Page 2 of 4    Document 9

complaint and let him know what I think. Dkt. No. 1-1. Indeed, it is clear from the complaint that Corbeil is not currently subject to the GPS tracking law, since he is still in custody serving a sentence. It is not even clear that Corbeil will be subject to the law, since his complaint is silent as to the crime or crimes for which he is serving a sentence. He thus clearly lacks standing to challenge the GPS tracking statute now, and it is not clear whether he will have standing in the future. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016).

Finally, I note that the Seventh Circuit has already addressed this issue and rejected the very arguments and more that Corbeil asserts in his complaint. In *Belleau v. Wall*, 811 F.3d 929 (7th Cir. 2016), the court upheld the constitutionality of Wisconsin's GPS tracking statute even when applied to an individual who was convicted and completed his sentence years before the statute was enacted. The court rejected arguments that the statute as applied in that case violated the Ex Post Facto clause of the Constitution, the Due Process clause of the Fourteenth Amendment, and the Fourth Amendment. Given this holding, Corbeil's complaint would fail to state a claim even if he had standing.

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 4) is **GRANTED**.

**IT IS FURTHER ORDERED** that the complaint is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the agency having custody of the plaintiff shall collect from his institution trust account the **$345.07** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding

month's income credited to his trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If the plaintiff is transferred to another institution, the transferring institution shall forward a copy of this Order along with the plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the plaintiff is confined.

Dated at Green Bay, Wisconsin this 19th day of July, 2021.

s/ William C. Griesbach<br>
William C. Griesbach<br>
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. § 1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

4

Case 1:21-cv-00663-WCG   Filed 07/19/21   Page 4 of 4   Document 9